IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEVEN D. LUKENS,**<br>71 WEST 109th STREET, APT. 5B<br>NEW YORK, NEW YORK 10025<br><br>**Plaintiff,**<br><br>v.<br><br>**CONDOLEEZZA RICE, in her official**<br>**capacity as United States Secretary of State,**<br>UNITED STATES DEPARTMENT OF STATE<br>2201 C STREET, N.W.<br>WASHINGTON, D.C. 20520<br><br>**Defendant.** | Civil Action No. _____ |

## COMPLAINT

Steven D. Lukens, by his attorneys Ropes & Gray LLP, as and for his complaint herein, alleges as follows:

### Preliminary Statement

1. This is an action brought under (i) the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, *et seq.*, to remedy unlawful discrimination by a federal government agency on the basis of disability; (ii) the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, to remedy arbitrary agency action; and (iii) the United States Constitution, to remedy a deprivation of the Fifth Amendment right to due process.

2. This action is the direct result of the United States Department of State's (hereinafter the "Department") refusal to hire Mr. Lukens, a qualified candidate otherwise

approved by the Department, who lives with the human immunodeficiency virus (hereinafter "HIV"), as a Foreign Service Officer (hereinafter "FSO").

3. Mr. Lukens seeks declaratory relief, compensatory damages, attorneys' fees and costs, and any other relief the court deems just and proper.

**Parties**

4. Steven D. Lukens is a citizen of the United States and resides in New York, New York.

5. Defendant Condoleezza Rice is the Secretary of State of the United States, head of a federal department in this judicial district that is subject to the Rehabilitation Act and the Administrative Procedure Act. The United States Foreign Service is an agency of the State Department and is therefore prohibited by the Rehabilitation Act from discriminating against otherwise qualified people with disabilities in the terms or conditions of employment. The Foreign Service is also therefore subject to judicial review of its actions and decisions pursuant to the Administrative Procedure Act.

**Jurisdiction**

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4), and under the provisions of 29 U.S.C. § 794a and 42 U.S.C. § 2000e-5(f). This action is authorized by 29 U.S.C. §§ 791 and 794a; 29 C.F.R. § 1614.407; and 5 U.S.C. §§ 702-704 and § 706. Damages and a trial by jury are provided for by at least 42 U.S.C. § 1981a. This court has jurisdiction to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper under 28 U.S.C. § 1391(e), because Defendant Condoleezza Rice, in her official capacity, resides in this judicial district and a substantial part of the events or omissions giving rise to this complaint occurred in this judicial district.

2

## Background

8. Mr. Lukens first tested positive for HIV in 1992.

9. Mr. Lukens manages HIV with antiretroviral medications and periodic examinations by physicians.

10. Mr. Lukens makes periodic visits to his physician for monitoring purposes, and he receives his medications by mail in 30-day or 90-day supplies.

11. Mr. Lukens has never suffered an opportunistic infection or been hospitalized because of his HIV-positive status.

12. Mr. Lukens is in good health.

13. During the years since learning of his HIV-positive status, Mr. Lukens has maintained a demanding career that has often required him to travel for extended periods, often several months, away from his regular physician.

14. After receiving the immunizations and prophylactic treatments that were recommended for his destinations, including "live" vaccines, Mr. Lukens has traveled without medical incident to at least Argentina, Cambodia, Mexico, and Peru as well as several European countries.

15. As a result of his HIV infection and the corresponding limitations on many of his major life activities, he is a person with a disability within the meaning of the Rehabilitation Act.

## Facts

16. Mr. Lukens formally applied to become a Foreign Service Officer by sitting for the written exam on April 23, 2005.

17. Mr. Lukens sought a position as a Junior Officer in the Management Affairs career track of the Foreign Service.

18. On information and belief, a Foreign Service Management Officer's duties include performance of the following functions, by way of illustration and without limitation: developing personnel; negotiating bilateral work agreements; establishing or implementing reciprocal tax treatment; managing a real estate portfolio; managing financial assets; coordinating with other U.S. agencies to share administrative costs, and providing supervision at U.S. embassies, consulates and other diplomatic posts.

19. Mr. Lukens was notified in July 2005 that he passed the written examination administered on April 23, 2005, and advanced to the oral assessment stage.

20. Mr. Lukens participated in the day-long series of tests constituting the oral assessment on December 13, 2005, and he was notified the same day that he had passed.

21. As a result of his passing score, on or about December 13, 2005, Mr. Lukens was made a conditional offer to join the Foreign Service.

22. The Department conditioned Mr. Lukens's offer of employment on his ability to obtain a medical clearance.

23. On information and belief, had the necessary clearances been granted, the score received by Mr. Lukens on the oral assessment would have guaranteed his eventual placement as a junior Foreign Service Officer.

24. On or about January 13, 2006, Mr. Lukens presented for his medical examination.

25. Mr. Lukens informed the medical personnel of the Department during that January 13, 2006, medical examination that he was taking antiretroviral medications.

4

26. Mr. Lukens confirmed his HIV-positive status in a face-to-face conversation with Department physician Dr. Terese Thomas on or about January 18, 2006.

27. Dr. Thomas informed Mr. Lukens that his HIV-positive status would likely result in denial of the requisite Class 1 medical clearance.

28. After Mr. Lukens had submitted a summary letter from his physician describing the results of certain lab tests, Mr. Lukens received a personal phone call from Dr. Thomas, who informed him that he would be denied Class 1 medical clearance.

29. During the phone call identified in paragraph 28, Dr. Thomas communicated to Mr. Lukens that the reason why the Department denied Class 1 clearance to Mr. Lukens was because the lab results from his HIV-related blood tests might not always be good, or used words to that effect.

30. On or about February 22, 2006, Mr. Lukens received a letter from Laurence G. Brown, M.D., Medical Director of the Office of Medical Services, stating that Mr. Lukens was assigned a Class 5 medical clearance — effectively a denial of medical clearance to serve as an FSO — and that he could request a waiver, but that such waivers "are rarely granted."

31. The letter described in paragraph 30 did not contain a single reference to Mr. Lukens's HIV status, nor did it identify why the Department denied him Class 1 clearance.

32. Two days later, on February 24, 2006, Mr. Lukens was notified of his denial of Class 1 medical clearance by a letter from Ms. Patricia Evans, Personnel Staffing Specialist, Board of Examiners for the Foreign Service. This letter also informed Mr. Lukens of his right to request a waiver.

33. The letter from Ms. Evans, described in paragraph 32, also failed to give even one concrete reason why Mr. Lukens was denied Class 1 clearance.

34. On information and belief, the Department denied Mr. Lukens's medical clearance solely due to his HIV-positive status.

35. On March 22, 2006, Mr. Lukens timely requested a waiver by letter to Ambassador W. Robert Pearson, Director General of the Foreign Service.

36. Mr. Lukens specifically requested "a reasonable accommodation" : "I believe I could work under a Class I clearance, as long as I could travel to obtain regular lab work. If that is not feasible, a Class II clearance would certainly make sense in my case."

37. On or about April 25, 2006, the Department refused Mr. Lukens's request for a waiver.

38. On information and belief, the Department will retain, and grant Class 2 medical clearances to, FSOs who test positive for HIV during their employment.

39. The Department refused to grant a Class 2 medical clearance to Mr. Lukens.

40. On information and belief, the Department allows current FSOs who are assigned a Class 2 or Class 5 medical clearance to appeal that classification to a panel of three physicians.

41. Mr. Lukens was not given the opportunity to appeal his medical classification to a panel of three physicians.

42. On information and belief, the Department denies Class 1 medical clearance to all HIV-positive FSO candidates.

43. On information and belief, the Department has a policy of denying Class 1 medical clearance to any HIV-positive FSO candidate.

44. On information and belief, the Department denies Class 2 medical clearance to all HIV-positive candidates.

45. On information and belief, the Department has a policy of denying Class 2 medical clearance to any HIV-positive candidate.

46. On information and belief, the Department retains at least some Foreign Service Officers who test positive for HIV while employed.

47. On information and belief, the individuals identified in paragraph 46 are granted Class 2 medical clearance and approved for limited overseas duty.

48. The Department is required by Executive Order No. 13164 to establish effective written procedures for processing requests for reasonable accommodations by job applicants with disabilities.

49. On information and belief, the Department does not follow effective written procedures for processing requests for reasonable accommodations by job applicants with disabilities.

50. The Department's discriminatory refusal to hire qualified candidates like Mr. Lukens violates the Rehabilitation Act and the Department's own regulations.

51. The Rehabilitation Act and the Department's own regulations require that candidates be assessed on the basis of their individual qualifications, rather than according to stereotype.

52. By refusing to grant Mr. Lukens the medical clearance or waiver that his good health merits, the Department violated federal law.

53. On June 2, 2006, Mr. Lukens properly and timely commenced the informal Equal Employment Opportunity counseling process. His informal complaint alleged disability discrimination on the basis of his HIV-positive status.

54. The EEO Counselor sent a Notice of Right to File a Discrimination Complaint, dated June 20, 2006, to Mr. Lukens.

55. On July 4, 2006, Mr. Lukens timely filed a formal complaint of discrimination.

56. By a letter dated July 10, 2006 Mr. Lukens was notified that his formal complaint had been accepted.

57. Mr. Lukens received the Department's Report of Investigation on July 13, 2007.

58. Mr. Lukens timely requested a Final Agency Decision on August 9, 2007.

59. The Department issued its Final Agency Decision and notified Mr. Lukens of his right to file a civil action in this matter in a letter dated November 20, 2007.

60. Mr. Lukens has fulfilled all conditions precedent to the institution of this suit.

**COUNT ONE: DISABILITY DISCRIMINATION UNDER
SECTION 501 OF THE REHABILITATION ACT**

61. Mr. Lukens realleges paragraphs 1-60 as if fully set forth herein.

62. Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, prohibits the federal government from discriminating against otherwise qualified people with disabilities in the terms or conditions of employment, and requires the federal government to take affirmative action to employ people with disabilities who can perform, with or without reasonable accommodation, the essential functions of a particular job. This prohibition and mandate similarly protects people whom the federal government regards as disabled.

63. Due to his HIV-positive status, Mr. Lukens has a physical impairment for the purposes of the Rehabilitation Act that substantially limits one or more of his major life activities, such that he is a person with a disability within the meaning of the Rehabilitation Act. By way of illustration only, and without limitation, his impairment substantially limits many major life activities, including, for example, reproduction.

64. Additionally, on information and belief, the Department regards Mr. Lukens as having a physical impairment that substantially limits one or more of his major life activities, such that he is a person with a disability within the meaning of the Rehabilitation Act.

65. Furthermore, the Department "limit[ed], segregate[d], or classif[ied]" Mr. Lukens on the basis of his disability in a way that adversely affected his employment opportunities or status, in violation of the Rehabilitation Act.

66. Given his job skills and physical condition, Mr. Lukens is qualified and capable of safely performing all essential functions of a Foreign Service Officer without accommodation. The Department therefore violated Section 501 of the Rehabilitation Act when it denied Mr. Lukens a Class 1 medical clearance or waiver on account of his HIV-positive status.

67. In the alternative, given his job skills and physical condition, Mr. Lukens is qualified and capable of safely performing all essential functions of a Foreign Service Officer, with reasonable accommodation such as, but not limited to, granting Mr. Lukens a Class 2 medical clearance or waiver.

68. Mr. Lukens repeatedly sought a reasonable accommodation.

69. Mr. Lukens's requests for a reasonable accommodation were not properly considered by the Department.

70. The Department violated Section 501 of the Rehabilitation Act when it denied Mr. Lukens such accommodation, classified him, and discriminated against him on the basis of his HIV-positive status.

71. The Department violated Section 501 of the Rehabilitation Act by failing to take affirmative action to hire otherwise qualified candidates with disabilities.

**COUNT TWO: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FIFTH AMENDMENT BY THE DEPARTMENT'S USE OF AN IRREBUTTABLE PRESUMPTION CONCERNING HIV**

72. Mr. Lukens realleges paragraphs 1-71 as if fully set forth herein.

73. On information and belief, the Department has adopted an improper irrebuttable presumption that individuals who test positive for HIV are not medically qualified to serve as Foreign Service Officers.

74. On information and belief, the Department's irrebuttable presumption described in paragraph 73 is neither necessarily nor universally true.

75. The Department invoked its irrebuttable presumption described in paragraph 73 when it refused to grant Mr. Lukens a Class 1 medical clearance, a Class 2 medical clearance or a waiver, and ultimately in refusing to hire Mr. Lukens.

76. Mr. Lukens was not given a meaningful opportunity to present his medical qualifications to serve as an FSO.

77. On information and belief, the Department did not conduct a proper individualized analysis of whether Mr. Lukens, given his particular medical history and experience with HIV, would be able to serve as an FSO.

78. On information and belief, individualized determinations of fitness to serve as an FSO are afforded to some applicants with medical conditions other than HIV.

79. On information and belief, a more individualized determination of an HIV-positive candidate's fitness to serve as an FSO would not be unreasonable and would not be too expensive or administratively cumbersome to be workable.

80. There is no rational basis why the individualized determinations of fitness to serve as an FSO given to applicants with other medical conditions should be denied to Mr. Lukens and others with HIV.

81. The Department's irrebuttable presumption that Mr. Lukens is unable to serve as an FSO because he is HIV-positive is therefore unconstitutional and a violation of equal protection under the Due Process Clause of the Fifth Amendment.

## COUNT THREE: VIOLATION OF EQUAL PROTECTION AND DUE PROCESS IN FAILURE TO FOLLOW DEPARTMENT REGULATIONS

82. Mr. Lukens realleges paragraphs 1-81 as if fully set forth herein.

83. The Department's own regulations as published in the Foreign Affairs Manual ("FAM") state that "[p]rocedures on making and processing requests for reasonable accommodation under the authorities contained in this chapter [Chapter 3] are published in 3 FAM 3670, Reasonable Accommodations." 3 FAM § 1546 (2005) (titled "Making and Processing of Requests for Reasonable Accommodation").

84. On information and belief, the procedures referenced in 3 FAM § 1546 and described in paragraph 83 are those required by Executive Order 13164 and the Rehabilitation Act.

85. On information and belief, the procedures described in paragraph 83 require the Department to explain to job applicants who initiate a request for a reasonable accommodation how it will process that request, and to attach its written procedures as well as any paperwork that is required to process such requests.

86. On information and belief, the procedures described in paragraph 83 require that the Department designate a time period during which reasonable accommodation requests will be granted or denied.

87. On information and belief, the procedures described in paragraph 83 require that the Department explain its right to request relevant medical information if the information in its possession is insufficient to assess the efficacy of the proposed accommodation.

88. On information and belief, the procedures described in paragraph 83 require that denials of requests for reasonable accommodations be in writing and specify the reasons for denial.

89. On information and belief, the Department, itself, implemented and subjected itself to the procedures described in paragraphs 83-88.

90. On information and belief, the procedures described in paragraphs 83-88 were not followed when Mr. Lukens requested a reasonable accommodation.

91. On information and belief, failure to follow the procedures described in paragraphs 83-88 falls substantially short of what the applicable regulations require.

92. By failing to engage in a flexible, interactive process for adjudicating requests for reasonable accommodations, the Department deprived Mr. Lukens of the important

procedural benefits the Department's own regulations were enacted to provide, including consistency and fairness to disabled applicants.

93.   By failing to engage in a flexible, interactive process for adjudicating requests for reasonable accommodations, the Department caused Mr. Lukens to suffer substantial prejudice in obtaining both a reasonable accommodation and employment with the Department.

94.   Independent from its violation of the Rehabilitation Act, the Department's failure to exercise due diligence in implementing and observing its own regulations or, in the alternative, its failure to provide a reasoned explanation for any failure to adhere to its own regulations, denied Mr. Lukens his constitutional right to equal protection and due process of law under the Fifth Amendment.

### COUNT FOUR: REQUEST FOR JUDICIAL REVIEW OF THE DEPARTMENT'S MEDICAL CLEARANCE DECISION UNDER THE ADMINISTRATIVE PROCEDURE ACT

95.   Mr. Lukens realleges paragraphs 1-94 as if fully set forth herein.

96.   The Department's internal decision to assign Mr. Lukens a Class 5 medical clearance directly caused the Department to deny Mr. Lukens employment as an FSO.

97.   Mr. Lukens was therefore aggrieved by the Department's decision to assign him a Class 5 medical clearance.

98.   Mr. Lukens has requested that the Department reconsider its decision, to the extent that such administrative relief is available, and his requests have been denied.

99.   Mr. Lukens has exhausted his administrative remedies with respect to his medical clearance decision.

100. The Department's decision to grant Mr. Lukens a Class 5 medical clearance without properly considering the particularities of his medical condition, was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and was also in excess of statutory authority as conveyed by the Foreign Service Act.

101. Under the Administrative Procedure Act, Mr. Lukens is therefore entitled to seek judicial review of the Department's decision to grant Mr. Lukens a Class 5 medical clearance, and the procedures by which that decision was reached.

102. The Department's internal decision to deny Mr. Lukens a reasonable accommodation directly caused the Department to consider Mr. Lukens to be unqualified to serve as an FSO.

103. Mr. Lukens is therefore aggrieved by the Department's denial of his request for a reasonable accommodation.

104. Mr. Lukens has requested that the Department reconsider this denial, to the extent that such administrative relief is available.

105. Mr. Lukens has exhausted his administrative remedies with respect to the decision to deny him a reasonable accommodation.

106. The Department's failure to acknowledge his request for a reasonable accommodation, or to explain its denial thereof, was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, and was also in excess of statutory authority as conveyed by the Foreign Service Act.

107. Mr. Lukens has followed the proper administrative procedures to complain of a denial of a reasonable accommodation, to the extent that such relief was available from the agency, and his requests have been denied.

108. Under the Administrative Procedure Act, Mr. Lukens is therefore entitled to seek judicial review of the Department's denial of a reasonable accommodation, and the procedures by which that decision was reached.

### REQUEST FOR DECLARATORY JUDGMENT

109. Mr. Lukens realleges paragraphs 1-108 as if fully set forth herein.

110. An actual and present controversy exists between Mr. Lukens and the Department relating to their respective legal rights and duties:

(a) Mr. Lukens contends that Defendant Condoleezza Rice and the Department have discriminated against him on the basis of his disability in violation of the Rehabilitation Act of 1973, causing Mr. Lukens to suffer damages, and entitling him to relief from this Court;

(b) Mr. Lukens contends that Secretary Rice and the Department have deprived him of his constitutional rights to equal protection and due process under the Fifth Amendment by employing an irrebuttable presumption concerning his fitness to work as an FSO and by failing to follow the procedures established by the Department for his benefit;

(c) Mr. Lukens contends that Secretary Rice and the Department have acted arbitrarily, capriciously, beyond statutory authority, and otherwise not in accordance with law, aggrieving him within the meaning of the Administrative Procedure Act; and

(d) On information and belief, Secretary Rice and the Department deny these contentions, and aver that the Department's decisions with respect to Mr. Lukens's medical clearance and reasonable accommodation request as well as its refusal to hire HIV-positive candidates as Foreign Service Officers does not violate the Constitution or federal

law, and furthermore, that Mr. Lukens's HIV does not constitute a disability within the meaning of the Rehabilitation Act.

111. A judicial declaration among the parties is necessary and appropriate at this time in order that they promptly may ascertain and enforce their respective rights and obligations.

112. Mr. Lukens is entitled to a declaratory judgment that the department has discriminated against him on the basis of disability; that the Department's refusal to hire HIV-positive applicants as Foreign Service Officers violates the Rehabilitation Act; that the Department's irrebuttable presumption and its specific actions with respect to his medical clearance and reasonable accommodation request violate both the Constitution and the Administrative Procedure Act; and that Mr. Lukens has been damaged thereby, entitling him to relief from this Court.

## DEMAND FOR A JURY TRIAL

113. Plaintiff Steven D. Lukens demands a trial by jury on all issues.

## RELIEF REQUESTED

114. Mr. Lukens realleges paragraphs 1-113 of this Complaint as if fully set forth herein.

115. WHEREFORE, Mr. Lukens respectfully requests:

(a) a trial by jury;

(b) that this Court enter a declaratory judgment that the Department has discriminated against him on the basis of disability; that the Department's refusal to hire HIV-positive applicants as Foreign Service Officers violates the Rehabilitation Act; and that Mr. Lukens has been damaged thereby, entitling him to relief from this Court;

   (c) that this Court order the Department to grant Mr. Lukens a Class 1 medical clearance or a Class 2 medical clearance or waiver; or to hire Mr. Lukens as a Foreign Service Officer with appropriate reasonable accommodation;

   (d) that this Court order the Department to pay Mr. Lukens the value of his lost wages and benefits, as well as compensatory and punitive damages as authorized by the Rehabilitation Act;

   (e) that this Court order the Department to pay attorneys' fees and costs as authorized by law; and

   (f) that this Court order any such further relief as it deems just and proper.

Respectfully submitted, this _13_ day of February, 2008.

           ROPES & GRAY LLP

By: _____
James E. Hopenfeld
(D.C. Bar No. 483985)
One Metro Center
700 12th Street, NW
Washington, DC  20005
T:  (202) 508-4600
F:  (202) 508-4650
james.hopenfeld@ropesgray.com

Attorneys for Plaintiff,
STEVEN D. LUKENS

Dated:  February 13, 2008

OF COUNSEL:

Stuart W. Yothers
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036
T:  (212) 596-9000
F:  (212) 596-9090
stuart.yothers@ropesgray.com

Rudy Kleysteuber
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW
Washington, DC  20005
T:  (202) 508-4600
F:  (202) 508-4650
rudy.kleysteuber@ropesgray.com

**CIVIL COVER SHEET**
JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

STEVEN D. LUKENS
(71 West 109th Street, Apt. 5B, New York, N.Y. 10025)

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

CONDOLEEZZA RICE,
 in her official capacity as United States Secretary of State
(U.S. Dep't of State, 2201 C Street, N.W., Washington, D.C. 20520)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center, Suite 900
700 12th Street, NW
Washington, DC 20005-3948

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Rehabilitation Act, 29 U.S.C. §§ 791 et seq. (disability discrim.); U.S. Const. (equal protection, due process); Admin. Proced. Act, 5 U.S.C. §§ 701 et seq.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____ Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒   If yes, please complete related case form.

DATE  February 13, 2008    SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.