## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**STEVEN D. LUKENS,**

**Plaintiff,**

**v.**

**CONDOLEEZZA RICE, in her official capacity as United States Secretary of State,**

**Defendant.**

Civil Action No. 08-cv-00243 (RMC)

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Plaintiff Steven D. Lukens ("Plaintiff") hereby submits this memorandum of points and authority in opposition to defendant Condoleezza Rice's ("Defendant") Motion for an Enlargement of Time [dkt. 6].

### I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff commenced this action on February 13, 2008.  Plaintiff initiated service on the same day.  On April 11, 2008, Defendant filed its Motion for an Enlargement of Time [dkt. 6].

### II.    SUMMARY OF ARGUMENT

Defendant's request for an enlargement of time to answer is based solely on circumstances Defendant could have avoided:  with just over thirty days remaining to answer, Defendant assigned this case to a staff attorney set to go on grand jury duty. Defendant has made no showing that it could not have assigned a different attorney to this case or avoided this problem.  Defendant is, effectively, trying to enforce a unilateral delay

through its assignment system.  This is not good cause for an enlargement, and granting the enlargement would prejudice plaintiff, who seeks expeditious relief.

Defendant contacted Plaintiff to request an extension of time [dkt. 6 at 1]. But, even after allowing the majority of its statutory 60 days to lapse unused, Defendant would not agree to any language preserving the rights of the parties during any enlargement of time [Yothers Decl. at ¶5].[1]  Defendant chose instead to pursue this motion.  Plaintiff should not be prejudiced by Defendant's inaction.

Rule 6(b), Fed. R. Civ. P., permits an enlargement of the time to respond *for good cause shown*.  However, the Federal Rules of Civil Procedure are to be "administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 1, Fed. R. Civ. P.  Nothing about Defendant's actions since this case was filed evidence good cause for additional time to respond to Plaintiff's complaint.  If anything, Defendant's actions suggest exactly the opposite.  Defendant failed to use the time afforded it under the Rules.

Plaintiff's case is ready to proceed, and Defendant's motion should be denied.

## III.    STATEMENT OF FACTS

Plaintiff brought this action after Defendant discriminated against him and refused to hire him as a Foreign Service Officer ("FSO") [dkt. 1 at ¶2].  This action follows a lengthy administrative process.  Plaintiff formally applied to become an FSO on April 23, 2005 -- almost *three years ago* -- by sitting for Defendant's written exam [dkt. 1 at ¶16]. Plaintiff passed the written exam, and he successfully completed Defendant's oral assessment

---

[1] As used herein, "Yothers Decl. at ¶__" refers to the April 15, 2008 Declaration of Stuart W. Yothers in Support of Plaintiff's Opposition to Defendant's Motion for an Enlargement of Time.

on December 13, 2005 [dkt. 1 at ¶¶19-20].  Plaintiff's success resulted in Defendant's conditional offer of employment [dkt. 1 at ¶21].

In January 2006, Plaintiff presented for Defendant's medical examination [dkt. 1 at ¶24].  Defendant denied Plaintiff a Class 1 medical clearance after learning of Plaintiff's HIV-positive status [dkt. 1 at ¶28].  Plaintiff requested a reasonable accommodation and timely requested a waiver from Defendant [dkt. 1 at ¶¶35-36].  In April 2006, Defendant denied Plaintiff's request for  a waiver [dkt. 1 at ¶37].  Plaintiff was not given the opportunity to appeal his medical classification to a panel of three physicians [dkt. 1 at ¶41].  Instead, he was granted a Class 5 medical clearance -- effectively denying Plaintiff the medical clearance that his good health warrants and that Defendant requires for employment [dkt. 1 at ¶30].

Plaintiff began the informal Equal Employment Opportunity ("EEO") counseling process on June 2, 2006 [dkt. 1 at ¶53].  The EEO Counselor sent Plaintiff a Notice of Right to File a Discrimination Complaint on June 20, 2006, and Plaintiff promptly filed his Complaint on July 4, 2006 [dkt. 1 at ¶¶54-55].  Plaintiff received Defendant's Report of Investigation on July 13, 2007 [dkt. 1 at ¶57].  Defendant issued its Final Agency Decision and notified Plaintiff of his right to file a civil action in this matter in a letter dated November 20, 2007 [dkt. 1 at ¶59].

Plaintiff filed his Complaint in this civil action on February 13, 2008.  The Attorney General of the United States, the U.S. Attorney, and Defendant each received copies of the Complaint shortly thereafter.  [dkts. 2-4].  According to Defendant's motion, counsel was assigned on March 13, 2008 -- *one month* after the Complaint was filed and only a matter of ***days*** before assigned counsel was to begin a month of daily Grand Jury

service for D.C. Superior Court, concluding at the end of Defendant's time to respond. [dkt. 6 at 1].

Defendant's counsel contacted Plaintiff's counsel on April 9, 2008 -- three and a half weeks into counsel's jury service -- to request an extension of time to respond to the Complaint [Yothers Decl. at ¶2].  Counsel for the parties discussed the extension on April 11, 2008 [Yothers Decl. at ¶3].  Plaintiff expressed a desire to proceed, as three years have lapsed since he applied for a position as an FSO [Yothers Decl. at ¶4].  However, Plaintiff attempted to negotiate an extension of time as a professional courtesy, requiring only that the parties agree to preserve the status quo with respect to any deadlines and statutes of limitation during any extension [Yothers Decl. at ¶5].  Defendant would not agree to the language proposed by Plaintiff and would not propose any alternative language -- opting instead to file this motion [Yothers Decl. at ¶5].

## IV.    ARGUMENT

No good cause exists for Defendant's motion, and Defendant's motion should be denied.  Rule 6(b), Fed. R. Civ. P., permits an extension of time *for good cause shown*. Defendant has made no such showing.  Defendant's request is a delay tactic.  It is not "good cause."

Defendant already receives additional time to respond to a Complaint under the Federal Rules -- *60 days*.  Defendant consumed the first three weeks assigning the case to one of its approximately 100 attorneys.[2]  When Defendant selected one of those 100 attorneys, Defendant chose the attorney beginning daily Grand Jury service the following

---

[2] "Approximately 100 attorneys are employed by the Federal Programs Branch" of the Civil Division of the United States Department of Justice, the attorneys assigned to cases like this. (Ex. A at 1).

Monday for the duration of the period in which to respond to Plaintiff's Complaint.  These facts demonstrate a lack of attention by Defendant to the serious allegations contained in Plaintiff's Complaint.

Plaintiff sought to begin work as an FSO by sitting for the written exam almost three years ago.  Plaintiff continues to be harmed by Defendant's improper actions in denying him employment, and Defendant seeks to prolong the time before defending its improper actions.  Defendant's cavalier attitude towards Plaintiff's claims unnecessarily and unreasonably prolongs what has already been a very long process.  Defendant's actions -- or inaction -- since this case was filed are not evidence of good cause for an enlargement of time.

Moreover, after wasting the first 60 days of the time to respond, Defendant refused Plaintiff's compromise.  Plaintiff expressed a desire to see the case proceed without delay, but, out of professional courtesy, offered to consent to a brief extension if Defendant agreed to preserve the status quo -- i.e., if Defendant agreed that any extension would leave the parties where it found them with respect to any deadlines, statutes of limitation, etc.  Plaintiff proposed language to that effect.  Defendant refused that language and refused to provide any alternative.

Defendant refused Plaintiff's offer, even in the face of its own failure to make use of the 60-day time to respond afforded by the Federal Rules of Civil Procedure.  Defendant's failure should not be rewarded with further delay.  The Federal Rules of Civil Procedure are to be "administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Rule 1, Fed. R. Civ. P.  Defendant's request under

Rule 6(b), Fed. R. Civ. P., accomplishes none of these.  There is no good cause for the present request, and Defendant's motion should be denied.

## V.    CONCLUSION

Defendant has made no showing that good cause exists for an extension of time.  Therefore, Defendant's motion should be denied.

April 15, 2008                                              Respectfully submitted,


      /s/ James E. Hopenfeld
James E. Hopenfeld
(D.C. Bar No. 483985)
Rudy Kleysteuber
(Pro Hac Vice Application to be filed)
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW
Washington, DC  20005
T:  (202) 508-4600
F:  (202) 508-4650
james.hopenfeld@ropesgray.com
rudy.kleysteuber@ropesgray.com

Stuart W. Yothers
(Pro Hac Vice Application to be filed)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036
T:  (212) 596-9000
F:  (212) 596-9090
stuart.yothers@ropesgray.com

Attorneys for Plaintiff,
STEVEN D. LUKENS

The Honorable Rosemary M. Collyer                                      April 15, 2008

# EXHIBIT A

to Plaintiff's Opposition to Defendant's Motion for an Enlargement of Time

*Printout from U.S. Department of Justice Website*



**SEARCH**

## Civil Division

APPELLATE STAFF

COMMERCIAL LITIGATION
BRANCH

OFFICE OF CONSUMER
LITIGATION

FEDERAL PROGRAMS

OFFICE OF IMMIGRATION
LITIGATION

TORTS BRANCH

OFFICE OF LITIGATION
SUPPORT

STRUCTURED SETTLEMENT
BROKERS

PRESS RELEASES

FORMS

EMPLOYMENT

WEB SITE FEEDBACK

CIVIL DIVISION FOIA

DOJ HOME



The Best Places to Work
IN THE FEDERAL GOVERNMENT 2007

**Employees rank the Civil
Division in the top 10% of
government offices**

## Federal Programs Branch

- Approximately 100 attorneys are employed by the Federal Programs Branch
- The Branch litigates on behalf of approximately 100 federal agencies, the President and Cabinet officers, and other government officials.

Activities in the Federal Programs Branch include the defense against constitutional challenges to federal statutes, suits to overturn government policies and programs, and attacks on the legality of government decisions. The Federal Programs Branch also initiates litigation to enforce regulatory statutes and to remedy statutory and regulatory violations. Federal Programs' attorneys have the opportunity to handle diverse issues from a variety of subject areas.

**National Security, Foreign Relations, and Law Enforcement** B Attorneys are involved in critical and highly visible litigation on behalf of the Departments of State, Treasury and Defense. The Branch has represented these departments in cases involving international terrorism and treaties.

**Interstate and Foreign Commerce** B Attorneys represent the Treasury Department in litigation challenging economic sanctions and commerce laws.

**Government Agencies and Corporations** B  Attorneys defend a variety of agencies, including the Postal Service, the Department of Veterans Affairs, and the White House.

**Nondiscrimination Personnel Litigation** B Attorneys handle cases involving constitutional, statutory, and other issues of appointment and removal of officers and employees of the United States, including Presidential appointees. This area also includes First Amendment, Fourth Amendment, and other constitutional challenges to government-wide statutes.

**Discrimination in Employment Litigation** B Attorneys defend against suits alleging discrimination in federal employment under the U.S. Constitution and a number of federal statutes and Executive Orders. The Federal Programs Branch defends a number of complex Title VII class actions, as well as high-profile or novel individual cases. Since the authorization of compensatory damages and jury trials in 1991, this field of litigation has seen explosive growth in both the number and complexity of cases.

**Human Resources** B Attorneys focus on challenges to the wide variety of programs administered by the Department of Health and Human Services (HHS) and the Department of Education.

**Interior, Agriculture, and Energy Concerns** B Attorneys handle a variety of cases including USDA's commodity marketing and promotion order programs, the Food Stamp program, and meat safety and inspection services.

**Housing and Community Development** B Attorneys address housing and housing-related cases involving the rights of tenants in federally-subsidized housing, the government's obligations to public housing authorities (PHAs), the disposition of HUD-owned mortgages, rural housing programs, and housing for the homeless.

**Freedom of Information and Privacy** B Attorneys defend against lawsuits seeking documents used or created by government agencies. This includes litigation over materials related to FBI actions and the documents related to FBI investigations, including the FBI's crime lab and its handling of evidence.

**Regulatory Enforcement and Defensive Banking Litigation** B Attorneys ensure compliance with federal statutes and regulations by initiating enforcement actions on behalf of federal agencies.

**Disability Litigation** B Attorneys handle nationwide, class-action lawsuits attempting to effect substantive changes in the Social Security Administration's regulations and procedures.

*Examples of our practice*

<u>Affirmative Litigation</u>

The Federal Programs Branch is responsible for civil penalty actions, subpoena enforcement actions, and suits for injunctive relief based on statutory and constitutional violations. For example, the Branch filed an action on behalf of the Department of Energy against the Governor of South Carolina seeking injunctive relief to prevent the blockade of surplus plutonium to federal facilities in South Carolina. The Branch also brought an action against the Pacific Maritime Association and the International Longshore & Warehousemen's Union to enjoin an ongoing lockout at all 29 ports along the west coast.

<u>International Terrorism</u>

Since September 11, 2001, the Federal Programs Branch has played a significant role in the on-going implementation of the President's global terrorism executive order, by which the assets of hundreds of terrorists or their financiers have been frozen. The Branch has also defended against attempts by designated entities to challenge the statutory and constitutional authority of the President to freeze their assets, as well as the underlying factual bases supporting their designations. The Branch has also represented the Departments of State, Treasury, and Defense in cases in which victims of international terrorism have tried to satisfy multi-million dollar court judgments that these victims have obtained against sovereign nations. The plaintiffs have endeavored to attach assets in the United States that are "blocked" pursuant to government sanction programs.

<u>Internet/Pornography Litigation</u>

The Federal Programs Branch has defended Congress' efforts to restrict the access of children to pornography that is otherwise accessible to them over the Internet. Since 1998, the Branch has been defending the Child Online Protection Act, which seeks to restrict access to pornographic Web sites. More recently, the Branch has defended the Children's Internet Protection Act, which conditions the receipt by public libraries of certain federal benefits and discounts on their installing filtering

software on their computer terminals that access the
Internet.

The Honorable Rosemary M. Collyer                                   April 15, 2008

# EXHIBIT B

to Plaintiff's Opposition to Defendant's Motion for an Enlargement of Time

*[Proposed] Order Denying Defendant's Motion for an Enlargement of Time*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **STEVEN D. LUKENS,** | |
| **Plaintiff,** | Civil Action No. 08-cv-00243 (RMC) |
| **v.** | |
| **CONDOLEEZZA RICE, in her official capacity as United States Secretary of State,** | |
| **Defendant.** | |

**[PROPOSED] ORDER DENYING DEFENDANT'S MOTION
FOR AN ENLARGEMENT OF TIME**

After full consideration of the Parties' submissions concerning Defendant's Motion

for an Enlargement of Time, IT IS HEREBY ORDERED that Defendant's Motion for an

Enlargement of Time is DENIED.

Signed this _____ of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN D. LUKENS,

        Plaintiff,

    v.

CONDOLEEZZA RICE, in her official
capacity as United States Secretary of State,

        Defendant.

Civil Action No. 08-cv-00243 (RMC)

### DECLARATION OF STUART W. YOTHERS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

I, Stuart W. Yothers, do hereby declare:

1.    I am a member of the bars of the State of New York and the Commonwealth of Massachusetts and am an associate of the firm of Ropes & Gray LLP, counsel for plaintiff Steven D. Lukens ("Plaintiff"), in this action. I submit this declaration in support of Plaintiff's Opposition to Defendant's Motion for an Enlargement of Time.

2.    Defendant's counsel, Heather Phillips, contacted me on the afternoon of April 9, 2008 to request an extension of time.

3.    I discussed Defendant's request with Ms. Phillips on April 11, 2008.

4.    I expressed Plaintiff's desire to have the case proceed without delay.

5.    During the April 11, 2008 discussion, I offered Plaintiff's consent to an extension of 30 days if the parties could agree to language preserving the status quo with respect to any deadlines and statutes of limitation during any extension. I proposed language to such effect. Defendant's counsel did not agree to that language and did not make a counterproposal.

I declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct.

Executed in New York, New York,
On April 15, 2008

_____
Stuart W. Yothers