IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN D. LUKENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08cv243 (RMC) |
| ) | |
| CONDOLEEZZA RICE, in her Official Capacity as ) | |
| Secretary of State for the Department of State ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S PARTIAL MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Condoleezza Rice respectfully moves to dismiss Counts Two, Three, and Four in the above-captioned matter for failure to state a claim upon which relief can be granted and lack of subject-matter jurisdiction. A memorandum in support of this motion and a proposed order are attached.

Dated: May 21, 2008

Respectfully submitted,
GREGORY G. KATSAS
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JOSEPH W. LOBUE
Assistant Branch Director
Federal Programs Branch

_____/s/_____
HEATHER R. PHILLIPS
Trial Attorney
U.S. Department of Justice
Civil Division/Federal Programs
Mail:  P.O. Box 883
         Washington, D.C.  20044
Street: 20 Massachusetts Ave., N.W.

Room 7222
Washington, DC  20001
Ph:     (202) 616-0679
Fax:    (202) 616-8470
Email: heather.phillips@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STEVEN D. LUKENS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CONDOLEEZZA RICE, in her Official Capacity as ) <br> Secretary of State for the Department of State ) <br> ) <br> Defendant. ) <br> ) | No. 08cv243 (RMC) |

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF HER PARTIAL MOTION TO DISMISS**

I. **INTRODUCTION**

Plaintiff's true grievance with the Department of State ("DOS") is that he feels he did not obtain employment as a Foreign Service Officer ("FSO") because the DOS allegedly engaged in unlawful discrimination against him on the basis of his HIV-positive status. This is a Rehabilitation Act claim. Plaintiff, however, superfluously and needlessly clutters his Complaint with additional, baseless claims: that Defendant violated his due process and equal protection rights, and that, notwithstanding his remedy under the Rehabilitation Act, he may nonetheless raise a similar claim under the Administrative Procedure Act ("APA"). Plaintiff is wrong. The Rehabilitation Act preempts the equal protection, due process and APA claims contained in Counts Two, Three, and Four, Plaintiff in any event lacks a property interest in obtaining a job with the DOS that is protected by the Due Process Clause, and the Court alternatively lacks subject-matter jurisdiction over Plaintiff's APA claim, as the Rehabilitation Act provides an

adequate remedy.[1]  Because the only possible claim Plaintiff may maintain is under the Rehabilitation Act, Defendant Secretary of State Condoleezza Rice moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) Plaintiff's Counts Two, Three, and Four, for failure to state a claim upon which relief may be granted and lack of subject-matter jurisdiction.

## II.    BACKGROUND

Plaintiff initiated the application process to become an FSO for DOS by sitting for the written exam on April 23, 2005.[2]  Complaint ("Compl.") ¶ 16; see also 22 C.F.R. § 11.1(b) (describing written exam).  Plaintiff was notified in July of 2005 that he had passed the written examination and had advanced to the oral assessment stage.  Compl. ¶ 19; see also 22 C.F.R. § 11.1(c) (describing oral examination).  Plaintiff received a passing score on the oral assessment and was given a conditional offer to join the Foreign Service in December of 2005.  Compl. ¶ 20.  Pursuant to 22 U.S.C. § 3901(a)(4), FSOs must be "available to serve in assignments throughout the world."  Plaintiff's offer was conditioned on, among other things, his ability to obtain a medical clearance based on a medical examination and review, the purpose of which, *inter alia*, is "to determine the presence of any physical, neurological, or mental condition of such a nature as to make it unlikely that [a candidate] would be able to function on a worldwide basis."  22 C.F.R. § 11.1(d), (e), (f) (noting that conditional offers of employment are subject to satisfactory

---

[1] Plaintiff's Count One alleges that the DOS violated Section 501 of the Rehabilitation Act when it denied him a reasonable accommodation for his disability, failed to take affirmative action to hire him, and discriminated against him on the basis of his HIV-positive status.  Compl. ¶¶ 70-71.  Count One is not subject to the instant partial motion to dismiss.

[2] Defendant assumes, for purposes of this motion only, the truth of the factual allegations in Plaintiff's Complaint.

completion of security, medical, and overall suitability reviews). Moreover, an FSO candidate's application for employment is further subject to a Final Review Panel. "After the results of the medical examination and background investigation are received, the candidate's entire file will be reviewed and graded by a Final Review Panel . . . . The candidacy of any candidate who is determined by the Final Review Panel to be unqualified for appointment shall be terminated and the candidate so informed." 22 C.F.R. § 11.1(f). Even assuming that a candidate is deemed suitable by the Final Review Panel, there is no guarantee that he or she ultimately will be hired; instead, the candidate is placed on a hiring register that is rank-ordered according to candidates' oral and/or written assessment scores. Id. If the candidate is not hired within 18 months of being placed on the register, his candidacy is terminated. 22 C.F.R. § 11.1(h). Thus, the written and oral examinations are only the first two steps of the lengthy process involved in becoming an FSO.

In January of 2006, Plaintiff presented for his medical examination and informed DOS of his HIV-positive status. Compl. ¶¶ 24-26. On February 24, 2006, Plaintiff was informed that he had been denied a Class 1 medical clearance. Id. ¶ 32. Class 1 clearances are "[i]ssued to examinees who have no identifiable medical conditions that would limit assignment abroad." 16 U.S. Department of State, Foreign Affairs Manual ("FAM") § 224(1).[3] The State Department refers to those with a Class 1 clearance as "worldwide available." Taylor v. Rice, 451 F.3d 898, 901 (D.C. Cir. 2006). "[A] Class 1 clearance is necessary for a Foreign Service candidate to complete the medical examination successfully." Id. Plaintiff was assigned a Class 5 medical clearance, effectively a denial of the medical clearance referenced in 22 C.F.R. § 11.1(e) as a

---

[3] See http://www.state.gov/documents/organization/89691.pdf

necessary precondition to joining the Foreign Service. Compl. ¶ 30; see also 16 FAM § 224(3) (noting that those with Class 5 medical clearances "are not cleared for assignment abroad").

DOS regulations provide that an FSO candidate "who has been denied an unlimited medical clearance for assignment worldwide" may request a "[w]aiver of [the] worldwide availability requirement." 22 C.F.R. § 11.1(e)(5). In March of 2006, Plaintiff requested a waiver, which he framed as "a reasonable accommodation" request based on his contention that he "could work under a Class 1 clearance, as long as [he] could travel to obtain regular lab work." Compl. ¶¶ 35-36. Plaintiff's waiver request further noted that, if the accommodation he proposed was not feasible, he believed "a Class 2 clearance would certainly make sense in [his] case." Id. The DOS denied Plaintiff's request for a waiver on April 25, 2006. Id. ¶ 37.

According to Plaintiff, while the DOS denies a Class 1 or Class 2 medical clearance to all HIV-positive FSO candidates, Id. ¶¶ 42-45, thereby precluding their employment as FSOs, the DOS retains at least some FSOs who test positive for HIV while employed, and grants those individuals Class 2 medical clearances, and approval for limited overseas duty. Id. ¶¶ 46-47. Plaintiff contends that "[t]he Department's discriminatory refusal to hire qualified candidates like Mr. Lukens violates the Rehabilitation Act and the Department's own regulations [and that] by refusing to grant Mr. Lukens the medical clearance or waiver that his good health merits, the Department violated federal law." Id. ¶¶ 50, 52.

### III. ARGUMENT

The Court should dismiss Counts Two, Three, and Four of Plaintiff's Complaint for failure to state a claim and lack of subject-matter jurisdiction. Plaintiff's Counts Two and Three allege constitutional claims (violations of the Equal Protection and Due Process Clauses of the

Fifth Amendment) that are preempted by the Rehabilitation Act.  Moreover, Plaintiff fails to state a claim for a due process violation because he lacks a protected property interest in obtaining a job with the DOS.  Plaintiff's Count Four purports to challenge via the APA the DOS's decision denying him a Class 1 medical clearance with reasonable accommodation, or a waiver of the worldwide availability requirement.  Plaintiff's APA claim is also preempted by the comprehensive remedial scheme provided by the Rehabilitation Act.  Alternatively, review under the APA is precluded, as Plaintiff has an adequate alternate remedy in his Rehabilitation Act claim (Plaintiff's Count One).

### A.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court's decision whether to dismiss for failure to state a claim upon which relief may be granted is based on the legal sufficiency of the complaint.  Following Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955 (2007), while the complaint need not provide "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  The alleged facts must "state a claim for relief that is plausible on its face" rather than merely "conceivable." Id. at 1974.  See also Atkieselskabet AF 21. November 2001 v. Fame Jeans Inc., 2008 WL 1932768, *5 (D.C. Cir. 2008) (discussing Twombly).

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted); see also

Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001).

In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp. 2d at 81; Vanover, 77 F. Supp. 2d at 98. The Court may resolve a 12(b)(1) motion based solely on the complaint. Herbert v. National Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, the Court may look beyond the allegations of the complaint, and consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.; see also Land v. Dollar, 330 U.S. 731, 735 n.4 (1947) ("the court may inquire by declarations or otherwise, into the facts as they exist"); Thompson, 120 F. Supp. at 81 ("In determining whether the plaintiff has met this burden [of establishing subject-matter jurisdiction], the court is sometimes required to look to matters outside of the pleadings.").

    **B.**    **Plaintiff's Constitutional Claims (Counts Two and Three) and APA Claim (Count Four) Are Subject to Dismissal Because the Sole Avenue for Plaintiff's Claims of Disability Discrimination is the Rehabilitation Act**

Applicants for federal employment are required to raise claims of employment-related disability discrimination pursuant to the Rehabilitation Act. The Rehabilitation Act therefore preempts constitutional claims that are founded upon the same basic injury. Likewise, the Rehabilitation Act preempts any APA claims premised on the same allegations cognizable under the Act. Because Plaintiff's constitutional and APA claims are merely reformulations of his disability discrimination claim, they are preempted by the Rehabilitation Act and should be

dismissed.[4]

In Brown v. General Serv. Admin., 425 U.S. 820 (1976), the Supreme Court held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." Id. at 835. Based on the legislative history and structure of Section 717 of Title VII, the Court found that "[t]he balance, completeness, and structural integrity of section 717 are inconsistent with the . . . contention that the judicial remedy afforded by section 717(c) was designed merely to supplement other putative judicial relief." Id. at 832. Hence, Title VII is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." Id. at 829.

In Kizas v. Webster, 707 F.2d 524, 543 (D.C. Cir. 1983), the D.C. Circuit held that the plaintiffs, who were "comprehensively protected by Title VII against federal employment discrimination," could not evade its "careful and thorough remedial scheme" by pursuing a Fifth Amendment claim. See also id. at 542 ("The Title VII remedy declared exclusive for federal employees in [Brown, 425 U.S. at 820] precludes actions against federal officials for alleged constitutional violations as well as actions under other federal legislation."). Two years later, the D.C. Circuit affirmed that "this circuit has repeatedly held that federal employees may not bring suit under the Constitution for employment discrimination that is actionable under Title VII." Ethnic Employees of Library of Congress v. Boorstin, 751 F.2d 1405, 1415 (D.C. Cir. 1985) (citing Kizas, 707 F.2d at 524). In Boorstin, the D.C. Circuit affirmed the dismissal of some of the plaintiff's constitutional claims as preempted under Title VII. Boorstin, 751 F.2d at 1415.

---

[4] As discussed below, Plaintiff's APA claim should also be dismissed because Plaintiff has an adequate alternate remedy. See infra Part D.

However, upon observing that "not all of the [plaintiff's] constitutional claims could be asserted in a Title VII lawsuit," the court allowed the plaintiff to proceed with the constitutional claims that "clearly [fell] outside the scope of Title VII, and thus could not form the basis for an administrative complaint under that statute." Id.  It explained that in Brown, 425 U.S. at 820, the Supreme Court focused on "whether federal employees should be able to bring parallel actions under both Title VII and other provisions of federal law to redress the *same basic injury*." Boorstin, 751 F.2d at 1415 (emphasis added).

The exclusivity principle applied in these cases applies equally to Section 501 of the Rehabilitation Act, which incorporates the "remedies, procedures, and rights set forth" in Title VII.  29 U.S.C. § 794a(a)(1).  Accordingly, the Rehabilitation Act provides the exclusive judicial remedy for claims based on a federal employee's disability.  See Ward v. Kennard, 133 F. Supp. 2d 54, 57 (D.D.C. 2000) (dismissing constitutional claims because the exclusive remedy for claims of disability discrimination is the Rehabilitation Act); Taylor v. Gearan, 979 F. Supp. 1, 5 (D.D.C. 1997) ("because . . . the Rehabilitation Act of 1973 is the exclusive judicial remedy for disability discrimination by the government, plaintiff's equal protection claims must . . . be dismissed"); Paegle v. Dep't of Interior, 813 F. Supp. 61, 66 (D.D.C. 1993) ("We agree that when a federal employee seeks to redress rights guaranteed by the Rehabilitation Act, that Act preempts other actions to redress the same discrimination. . . . Since plaintiff's equal protection and fifth amendment claims are also based on alleged claims of handicap discrimination, the Rehabilitation Act would redress the alleged violations and would therefore be his exclusive remedy.  Accordingly, plaintiff's constitutional claims must be dismissed.") (footnote and citation omitted); Thorne v. Cavazos, 744 F. Supp. 348, 352 (D.D.C. 1990) (dismissing

plaintiff's constitutional claims because they are preempted by the Rehabilitation Act); Rattner v. Bennett, 701 F. Supp. 7, 9 (D.D.C. 1988) (dismissing Fifth Amendment Due Process claim as preempted by the Rehabilitation Act).  See also Spence v. Straw, 54 F.3d 196, 203 (3d Cir. 1995) (finding equal protection claim preempted); McGuinness v. U.S. Postal Service, 744 F.2d 1318, 1322 (7th Cir. 1984) (noting that like Title VII, Rehabilitation Act provides exclusive remedy).

The exclusivity of the Rehabilitation Act similarly applies to review of disability discrimination claims under the APA.  Kizas, 707 F.2d at 542 (noting "preclu[sion of] actions under other federal legislation").  In this regard, 5 U.S.C. § 702 expressly provides that "Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."

Accordingly, where a plaintiff alleges facts that are actionable under the Rehabilitation Act and for which that statute provides a remedy, the Rehabilitation Act preempts virtually all other federal causes of action that provide consistent theories of relief, including constitutional claims and claims under the APA.  In the instant case, the claimed violations of the Rehabilitation Act, the Constitution, and the APA, all allegedly occurred because of Plaintiff's HIV-positive status.  Plaintiff's Rehabilitation Act claim, like his constitutional and APA claims, rest on factual issues regarding whether the DOS's position on HIV-positive candidates is consistent with sound medical principles or is instead the product of some irrational prejudice or stereotype regarding individuals with disabilities.  Plaintiffs' Counts Two, Three, and Four, are therefore preempted by the Rehabilitation Act and subject to dismissal.

### 1. Plaintiff's Equal Protection Claim is Based on the Same Facts and Alleges the Same Injury as His Rehabilitation Act Claim and is Therefore Preempted

Plaintiff's Counts Two and Three both assert a "violation of equal protection." Compl. ¶¶ 81, 94. Although not a model of clarity, Plaintiff's equal protection claim appears to be that the DOS violated the equal protection component of the Due Process Clause of the Fifth Amendment by: (1) "adopt[ing] an improper irrebuttable presumption that individuals who test positive for HIV are not medically qualified to serve as Foreign Service Officers," Compl. ¶ 73; (2) not giving Plaintiff a "meaningful opportunity to present his medical qualifications to serve as an FSO" and failing to "conduct a proper individualized analysis of whether Mr. Lukens, given his particular medical history and experience with HIV, would be able to serve as an FSO," even though such an individualized determination is allegedly provided to other applicants and current FSOs who do not have HIV, Compl. ¶¶ 76-79; and (3) the "Department's failure to exercise due diligence in implementing and observing its own regulations or, in the alternative, its failure to provide a reasoned explanation for any failure to adhere to its own regulations." Compl. ¶ 94.

Plaintiff's allegations confirm that at its core, Plaintiff's equal protection claim is premised on his alleged disparate treatment by the DOS because of his HIV-positive status. He was treated differently due to the claimed "irrebuttable presumption" applied to HIV-positive candidates. He contends he was not given the same individualized analysis given to other candidates and to current FSOs because of his HIV status. Finally, the DOS allegedly failed to follow its regulations in his case because of his HIV-positive status. These claims of disability discrimination are all actionable under the Rehabilitation Act, and Plaintiff's equal protection

claim should therefore be dismissed.  Kizas, 707 F.2d at 542.

>    **2.    Plaintiff's Due Process Claim is Likewise Preempted by the Rehabilitation Act**

In addition to claiming that the DOS violated equal protection, Plaintiff's Count Three also alleges in the same sentence that the DOS violated his due process rights through its "failure to exercise due diligence in implementing and observing its own regulations or, in the alternative, its failure to provide a reasoned explanation for any failure to adhere to its own regulations." Compl. ¶ 94.  As an initial matter, Plaintiff erroneously asserts that the DOS did not follow its "own regulations" in processing his request for a reasonable accommodation. Compl. ¶ 83.  Contrary to Plaintiff's allegations, Compl. ¶¶ 85-89, the DOS has not issued regulations that contain the processes Plaintiff references in his Complaint.  Instead, the existing regulation applicable to Plaintiff simply notes that "[w]hen authorized and requested by the candidate, the Director General of the Foreign Service . . . will review the case of any . . . candidate who has been denied an unlimited medical clearance for assignment worldwide and determine whether or not the candidate should be appointed despite the medical disqualification." 22 C.F.R. § 11.1(e)(5); see also 16 FAM § 222 (same).

Regardless, Plaintiff admits that the "procedures" he desires are "those required by . . . the Rehabilitation Act." Compl. ¶ 84.  Plaintiff further complains that these procedures were not followed when he "requested a reasonable accommodation," id. ¶ 90, and that he consequently "suffer[ed] substantial prejudice in obtaining both a reasonable accommodation and employment with the Department." Id. ¶ 93.  Because Plaintiff's due process claim is essentially a complaint that his request for a reasonable accommodation of his HIV-positive status was not granted, this claim is actionable under the Rehabilitation Act, and therefore preempted. Raines v. U.S. Dep't

11

of Justice, 424 F. Supp. 2d 60, 64 (D.D.C. 2006) (holding that the Rehabilitation Act "provides the exclusive remedy for employment discrimination based on a disability for federal employees") (citation and internal punctuation omitted).  See also Shirey v. Devine, 670 F.2d 1188, 1191 n.7 (D.C. Cir. 1982) (explaining that although it did not reach Plaintiff's Fifth Amendment due process and equal protection claims, "[w]e note, however, that incorporation of § 717 of the Civil Rights Act into the Rehabilitation Act provides a strong argument that statutory remedies are exclusive in this field") (citing Brown, 425 U.S. at 820).

### 3. Plaintiff's APA Claim is Also Preempted by the Rehabilitation Act

Plaintiff's Count Four attacks the DOS's decision "to grant Mr. Lukens a Class 5 medical clearance without properly considering the particularities of his medical condition," Compl. ¶ 100, and its decision "to deny Mr. Lukens a reasonable accommodation." Id. ¶ 102.  As noted above, Plaintiff's Rehabilitation Act claim is premised on precisely these issues: the DOS's alleged disability discrimination based on his medical condition – his HIV-positive status –  and the DOS's allegedly unlawful failure to provide him with a reasonable accommodation of that condition.  Plaintiff's Rehabilitation Act and APA claims are therefore inextricably intertwined, and Plaintiff's APA claim is preempted.[5]  Kizas, 707 F.2d at 542.

### C. Plaintiff's Due Process Claim In Any Event Must Fail Because He Lacks a Protected Property Interest in Obtaining Employment With the DOS

Even if not preempted, Plaintiff's alleged due process claim would fail on the merits for lack of a protected property interest.  To establish a due process violation, a plaintiff must first demonstrate that he or she was deprived of a property or liberty interest.  Bd. of Regents of State

---

[5] As noted below, Plaintiff's APA claim is in any event precluded because Plaintiff has an adequate alternate remedy.  See infra Part D.

12

Colleges v. Roth, 408 U.S. 564, 577 (1972). The Constitution, however, does not create property interests. Instead, state and federal statutes and regulations create property interests, which the Constitution protects. See Cleveland Bd. Of Educ. v. Loudermill, 470 U.S. 532, 538 (1985). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Roth, 408 U.S. at 577.

       Plaintiff's conditional offer of employment was contingent on, among other things, satisfactory completion of security, medical, and overall suitability reviews. 22 C.F.R. § 11.1(d), (e), (f). Plaintiff simply did not have a legitimate claim of entitlement to his possible future employment with the DOS subject to the protections of due process. See Logan v. VA, 357 F. Supp. 2d 149, 156 (D.D.C. 2004) ("as to the deprivation of due process in connection with her unsuccessful job applications . . . no violation is possible because [plaintiff] had no constitutionally protected property interests in those positions"); Taylor v. Gearan, 979 F. Supp. 1 n.5 (D.D.C. 1997) (applicant lacked a protected property interest in a Peace Corps job); see also Perry v. Sindermann, 408 U.S. 593, 599 (1972) (holding that not being rehired does not by itself invoke a liberty or property interest). Nor did Plaintiff have a protected property interest in obtaining a Class 1 medical clearance. Cf. Dep't of Navy v. Egan, 484 U.S. 518, 528 (1988) (holding that "no one has a 'right' to a security clearance"); Stehney v. Perry, 101 F.3d 925, 936 (3d Cir. 1996) (observing that, since Egan, "every court of appeals which has addressed the issue has ruled that a person has no constitutionally protected liberty or property interest in a security clearance or a job requiring a security clearance"); Doe v. Cheney, 885 F.2d 898, 909 (D.C. Cir. 1989) (affirming dismissal of due process claim brought by terminated federal employee

because, in revoking the plaintiff's security clearance, the government did not deprive him of a property interest); Perry v. Delaney, 74 F. Supp. 2d 824, 836 (C.D. Ill. 1999) (holding that Court Services Officers had "no legitimate expectation of entitlement" to their credentials or special deputation).

Moreover, even assuming *arguendo* that Plaintiff were to demonstrate the existence of a property interest, there is no showing of a procedural inadequacy that would render the DOS's denial of a Class 1 medical clearance to Plaintiff constitutionally inadequate. As noted above, Plaintiff erroneously asserts that the DOS did not follow its "own regulations" in processing his request for a reasonable accommodation. Compl. ¶ 83. Instead, the existing regulation applicable to Plaintiff simply notes that "[w]hen authorized and requested by the candidate, the Director General of the Foreign Service . . . will review the case of any . . . candidate who has been denied an unlimited medical clearance for assignment worldwide and determine whether or not the candidate should be appointed despite the medical disqualification." 22 C.F.R. § 11.1(e)(5); see also 16 FAM § 222 (same). Plaintiff admits he was informed of and exercised his right to request a waiver of the denial of his medical clearance. Compl. ¶ 30, 32, 35-36. That Plaintiff's waiver request was denied does not mean that this review process violated due process. See Loudermill, 470 U.S. at 546 (holding that the only "essential requirements of due process . . . are notice and an opportunity to respond"); Bagenstose v. Dist. of Columbia, 503 F. Supp. 2d 247, 257 (D.D.C. 2007) ("In having his grievance heard and redressed . . . plaintiff is not entitled to perfect procedures or the procedures of his choice. The very nature of due process, the Supreme Court has repeatedly held, negates any concept of inflexible procedures universally applicable to every imaginable situation." (citations and internal punctuation

omitted).

### D. The Court Alternatively Lacks Subject-Matter Jurisdiction Over Plaintiff's APA Claim Because Plaintiff has An Adequate Alternate Remedy

Plaintiff's APA claim should alternatively be dismissed because the APA provides judicial review only for final agency action "for which there is no other adequate remedy." 5 U.S.C. § 704; Heckler v. Cheney, 470 U.S. 821, 828 (1985) (recognizing that judicial review of agency action under the APA is only available "as long as the action is a 'final agency action' for which there is no other adequate remedy in a court").

Plaintiff has the right to bring an action against Defendant pursuant to the Rehabilitation Act for the disability discrimination – DOS's decisions to deny him a Class 1 medical clearance and an accommodation of his HIV-positive status – that he allegedly experienced, and has done so in this matter. See Compl. ¶¶61-71 (Plaintiff's Count One alleging violation of the Rehabilitation Act). "This right of action is adequate to redress discrimination, and, therefore, precludes a remedy under the APA." West v. Jackson, 538 F. Supp. 2d 12, 21 (D.D.C. 2008); see also Washington Legal Found. v. Alexander, 984 F.2d 483, 486 (D.C. Cir. 1993) (holding that implied right of action for discrimination under Title VI was adequate remedy in court precluding review under the APA); Women's Equity Action League, 906 F.2d at 746 n. 2 (D.C. Cir. 1990) (plaintiffs "have no claim under the APA, because, for the injuries they . . . assert, they have another adequate remedy"); West v. Spellings, 480 F. Supp. 2d 213, 217 (D.D.C. 2007) ("Mr. Wright has the right to bring an action against Webster University for the alleged discrimination. This right of action is adequate to redress discrimination and, therefore precludes a remedy under the APA.").

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that her Partial Motion to Dismiss be granted, and that Counts Two, Three, and Four in the above-captioned matter be dismissed.

Dated: May 21, 2008

Respectfully submitted,
GREGORY G. KATSAS
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JOSEPH W. LOBUE
Assistant Branch Director
Federal Programs Branch

_____/s/_____
HEATHER R. PHILLIPS
Trial Attorney
U.S. Department of Justice
Civil Division/Federal Programs
Mail:   P.O. Box 883
            Washington, D.C.  20044
Street: 20 Massachusetts Ave., N.W.
            Room 7222
Washington, DC  20001
Ph:     (202) 616-0679
Fax:    (202) 616-8470
Email: heather.phillips@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
STEVEN D. LUKENS,                         )
                                          )
            Plaintiff,           )
                                          )
   v.                                     )
                                          )   No. 08cv243 (RMC)
CONDOLEEZZA RICE, in her Official Capacity as )
Secretary of State for the Department of State )
                                          )
            Defendant.           )
_____)

THIS MATTER having come before the Court on Defendant Condoleezza Rice's Motion to Dismiss Plaintiff's Counts Two, Three, and Four, it is hereby

ORDERED that Defendant's Motion is GRANTED.

**SO ORDERED.**

Dated: _____         _____