IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEVEN D. LUKENS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CONDOLEEZZA RICE, in her Official Capacity as** )<br>**Secretary of State for the Department of State** )<br>)<br>**Defendant.** )<br>) | No. 08cv243 (RMK) |

DEFENDANT'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

Defendant answers as follows Plaintiff's First Amended Complaint:

First Defense

Plaintiff's First Amended Complaint fails to state a claim for which relief may be granted.

Second Defense

Plaintiff is not a qualified individual with a disability who, with or without reasonable accommodation, can perform the essential functions of a Foreign Service Officer.

Third Defense

The medical fitness standards used by the Department of State ("DOS") in processing Plaintiff's application for employment as a Foreign Service Officer are job related and consistent with business necessity, and Plaintiff could not satisfy those standards with or without reasonable accommodation.

Fourth Defense

Allowing Plaintiff to perform the essential functions of a Foreign Service Officer at Foreign Service posts throughout the world would pose a direct threat to the health and safety of Plaintiff, other DOS employees, and members of the public.

<u>Fifth Defense</u>

A waiver of the medical fitness standards used by the DOS in processing Plaintiff's application for employment as a Foreign Service Officer would impose an undue hardship on the operation of the Foreign Service.

<u>Sixth Defense</u>

Plaintiff was not appointed as a Foreign Service Officer for legitimate non-discriminatory reasons.

<u>Seventh Defense</u>

The alleged discriminatory actions were necessitated, authorized, and/or required by the Foreign Service Act of 1980.

\* \* \* \* \*

In response to the individual numbered paragraphs contained in Plaintiff's First Amended Complaint, Defendant states as follows:

1. Paragraph 1 consists of Plaintiff's characterization of this action to which no answer is required. To the extent an answer is deemed necessary, the allegations in paragraph 1 are denied.

2. Paragraph 2 consists of Plaintiff's characterization of this action to which no answer is required. To the extent an answer is deemed necessary, the allegations in paragraph 2 are denied, except to admit that Defendant did not hire Plaintiff as a Foreign Service Officer, and

that Plaintiff has the human immunodeficiency virus ("HIV").

      3. Paragraph 3 consists of Plaintiff's description of the relief sought to which no answer is required. To the extent an answer is deemed necessary, the allegations in paragraph 3 are denied.

      4. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 4.

      5. Defendant admits that Condoleezza Rice is the Secretary of State of the United States. The remaining allegations in the first sentence of paragraph 5 are legal conclusions to which no answer is required. The second sentence of paragraph 5 consists of legal conclusions to which no answer is required.

      6. The allegations in this paragraph are legal conclusions to which no answer is required.

      7. The allegations in this paragraph are legal conclusions to which no answer is required.

      8. Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

      9. Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

      10. Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

      11. Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

      12. Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

      13. Defendant lacks sufficient knowledge to admit or deny the allegations in this

paragraph.

14. Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

15. Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph. In addition, the allegations in this paragraph contain legal conclusions to which no answer is required.

16. Admitted.

17. Admitted.

18. Paragraph 18 consists of Plaintiff's characterization of some of the duties that might or might not be carried out by a Foreign Service Management Officer, to which no answer is required. To the extent an answer is deemed necessary, the allegations in paragraph 18 are denied.

19. Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph, except to admit that Plaintiff passed the written examination and advanced to the oral stage.

20. Admitted.

21. Admitted that Plaintiff was given only a conditional offer to join the Foreign Service, subject to the conditions set forth in 22 C.F.R. § 11.1.

22. Denied, except to admit that Plaintiff's possible employment with the Foreign Service was subject to conditions set forth in 22 C.F.R. § 11.1.

23. Denied.

24. Denied except to admit that on or about January 13, 2006, Plaintiff presented for

certain laboratory tests related to his required medical clearance examination.

25. Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

26. Admitted.

27. Denied.

28. Admitted.

29. Denied.

30. Paragraph 30 contains Plaintiff's characterization of a letter dated February 22, 2006, which speaks for itself, and therefore no answer is required. The Court is respectfully referred to the February 22, 2006 letter for a complete and accurate statement of its contents.

31. Paragraph 31 contains Plaintiff's characterization of a letter dated February 22, 2006, which speaks for itself, and therefore no answer is required. The Court is respectfully referred to the February 22, 2006 letter for a complete and accurate statement of its contents.

32. Paragraph 32 contains Plaintiff's characterization of a letter dated February 24, 2006, which speaks for itself, and therefore no answer is required. The Court is respectfully referred to the February 24, 2006 letter for a complete and accurate statement of its contents.

33. Paragraph 33 contains Plaintiff's characterization of a letter dated February 24, 2006, which speaks for itself, and therefore no answer is required. The Court is respectfully referred to the February 24, 2006 letter for a complete and accurate statement of its contents.

34. Denied.

35. Paragraph 35 contains Plaintiff's characterization of a letter dated March 22, 2006, which speaks for itself, and therefore no answer is required. The Court is respectfully referred to

the March 22, 2006 letter for a complete and accurate statement of its contents.

    36. Paragraph 36 contains Plaintiff's characterization of a letter dated March 22, 2006, which speaks for itself, and therefore no answer is required. The Court is respectfully referred to the March 22, 2006 letter for a complete and accurate statement of its contents.

    37. Denied, except to admit that Defendant notified Plaintiff by letter dated April 25, 2006, that his request for a waiver of the worldwide availability requirement had been denied.

    38. Denied, except to admit that, in some cases, the DOS will retain, and grant Class 2 medical clearances to, Foreign Service Officers who test positive for HIV during their employment.

    39. Denied, except to admit that Defendant denied Plaintiff's request for a waiver of the worldwide availability requirement.

    40. Admitted.

    41. Admitted.

    42. Denied.

    43. Denied.

    44. Denied.

    45. Denied.

    46. Admitted.

    47. Denied, except to admit that in-service Foreign Service Officers who develop medical conditions in the course of their employment receive medical clearances based on their individualized circumstances.

    48. Paragraph 48 consists of Plaintiff's characterization of Executive Order 13164, to

which no answer is required. To the extent an answer is deemed necessary, the Court is respectfully referred to the cited Executive Order for a complete and accurate statement of its contents.

49. Denied.

50. Denied.

51. The allegations in this paragraph are legal conclusions to which no answer is required.

52. Denied.

53. Admitted.

54. Denied, except to admit that an EEO Counselor provided Plaintiff with a Notice of Rights or Responsibilities on or about June 20, 2006.

55. Admitted.

56. Denied, except to admit that Defendant acknowledged receipt of Plaintiff's formal complaint by letter dated July 10, 2006, and Defendant accepted Plaintiff's formal complaint for investigation by letter dated July 22, 2006.

57. Admitted.

58. Admitted.

59. Admitted.

60. The allegations in this paragraph are legal conclusions to which no answer is required.

## COUNT ONE: DISABILITY DISCRIMINATION
## UNDER SECTION 501 OF THE REHABILITATION ACT

61. Defendant incorporates herein her answers to paragraphs 1-60.

62. This paragraph contains Plaintiff's characterization of 29 U.S.C. § 791, which speaks for itself. To the extent an answer is deemed necessary, the allegations are denied and the Court is respectfully referred to the cited statute for a complete and accurate statement of its contents.

63. The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 63.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## REQUEST FOR DECLARATORY JUDGMENT

72. Defendant incorporates herein her answers to paragraphs 1-71.

73. The allegations in this paragraph consist of Plaintiff's characterization of this action and legal conclusions, and therefore no answer is required. To the extent an answer is required, Defendant denies the allegations in this paragraph, except to admit that Defendant has denied certain of Plaintiff's allegations and avers that the Defendant's decisions with respect to Plaintiff's application for employment as a Foreign Service Officer are in conformance with law.

74. Denied.

75. Denied.

## DEMAND FOR A JURY TRIAL/RELIEF REQUESTED

76. Paragraphs 76 consists of Plaintiff's demand for a jury trial. Plaintiff's entitlement to a jury trial is a legal conclusion to which no answer is required.

77. Defendant incorporates herein her answers to paragraphs 1-76.

78. Paragraph 78 consists of Plaintiff's requested relief. Defendant denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

\* \* \* \*

Defendant further denies any and all allegations in Plaintiff's First Amended Complaint not specifically admitted herein.

WHEREFORE, Defendant requests that Plaintiff's prayer for relief be denied, that this action be dismissed with prejudice, and that Defendant be awarded her costs and such other relief as may be appropriate.

Dated: June 25, 2008

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JOSEPH W. LOBUE
Assistant Branch Director

_____/s/_____
HEATHER R. PHILLIPS
Trial Attorney
U.S. Department of Justice
Civil Division/Federal Programs
Mail:  P.O. Box 883
         Washington, D.C.  20044

Street: 20 Massachusetts Ave., N.W.
   Room 7330
Washington, DC  20001
Ph: (202) 616-0679
Fax: (202) 616-8470
Email: heather.phillips@usdoj.gov