IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEVEN D. LUKENS,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**CONDOLEEZZA RICE, in her official capacity as United States Secretary of State,**<br><br>    **Defendant.** | Civil Action No. 08-cv-00243-RMC |

**BRIEF STATEMENT OF THE CASE AND STATUTORY BASES
PURSUANT TO THE COURT'S JULY 16, 2008 ORDER**

Pursuant to Federal Rules of Civil Procedure ("FRCP") 16 and 26(f), and L.Cv.R. 16.3, counsel for the parties conferred by teleconference on May 29, 2008. During that teleconference, counsel for the parties: (i) discussed the matters set forth in L.Cv.R. 16.3(c); (ii) made arrangements for the disclosures required by FRCP 26(a)(1); and (iii) worked to develop a proposed discovery plan. The parties' Joint Report and Proposed Discovery Plan [dkt. 15] was submitted to the Court on June 11, 2008.

Pursuant to the Court's July 16, 2008 Order For Initial Scheduling Conference [dkt. 19], the parties conferred and submit the following brief statement of the case and the statutory basis for all causes of action and defenses.

This is an action brought under the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, et seq. Plaintiff Steven D. Lukens ("Mr. Lukens") alleges that Defendant Condoleezza Rice ("Defendant") unlawfully discriminated against him on the basis of disability when the United States Department of State refused to hire him as a Foreign Service Officer (hereinafter "FSO").

Mr. Lukens lives with the human immunodeficiency virus (hereinafter "HIV"). He contends that HIV is a physical impairment that substantially limits several of his major life activities. On that basis, Mr. Lukens asserts that he is a person with a disability within the meaning of the Rehabilitation Act.

Mr. Lukens contends that Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, prohibits the federal government from discriminating against otherwise qualified people with disabilities in the terms or conditions of employment, and requires the federal government to take affirmative action to employ people with disabilities who can perform, with or without reasonable accommodation, the essential functions of a particular job. Mr. Lukens asserts that he is otherwise qualified to serve as an FSO, and that his qualifications are demonstrated, at least in part, by Defendant's conditional offer of employment.

Mr. Lukens contends that given his job skills and physical condition, he is qualified and capable of safely performing all essential functions of a Foreign Service Officer without accommodation. Mr. Lukens therefore alleges that Defendant violated Section 501 of the Rehabilitation Act when it denied him a Class 1 medical clearance or waiver on account of his HIV-positive status. Mr. Lukens alternatively alleges that given his job skills and physical condition, he is qualified and capable of safely performing all essential functions of a Foreign Service Officer, with reasonable accommodation such as, but not limited to, granting him a Class 2 medical clearance or waiver. Mr. Lukens further alleges that his requests for such an accommodation were not properly considered by Defendant, and that these actions, or inactions, also violate Section 501 of the Rehabilitation Act.

In her defense, Defendant alleges that her decision to deny Plaintiff's application for employment as an FSO was based on a legitimate, non-discriminatory motive – specifically, to

comply with the Department of State's statutory obligation to ensure the "members of the Foreign Service" are "available to serve in assignments throughout the world." 22 U.S.C. § 3901(a)(4). Defendant contends that she declined to hire Plaintiff because she determined that he did not and could not satisfy a threshold requirement for employment as an FSO – that an applicant demonstrate either that: (a) he is medically fit to serve at 100% of foreign service posts (the "100% worldwide availability requirement"), or (b) he possesses extraordinary skill or experience that would outweigh his inability to be assigned worldwide and thereby justify a waiver of that criterion.

In addition, Defendant maintains that Plaintiff cannot satisfy his burden of demonstrating that he is a "qualified individual" with a disability within the meaning of the Americans with Disabilities Act ("ADA").[1] 42 U.S.C. § 12111(8). Defendant contends that under applicable regulations, for Plaintiff to show that he is a "[q]ualified individual with a disability," he must demonstrate, *inter alia*, that he was able in 2006 to satisfy "the requisite skill, experience, education, and *other job-related requirements* of the employment position . . . [that he desired]. 29 C.F.R. § 1630.2(m) (emphasis added). Defendant further contends that the 100% worldwide availability requirement is a job-related requirement that the Secretary established as a qualification standard for the position of an FSO. In addition, the 100% worldwide availability requirement is, according to Defendant, "job-related and consistent with business necessity," and therefore a permissible means under the Act of achieving a worldwide available workforce. See 42 U.S.C. § 12113(a). Moreover, with or without reasonable accommodation, Defendant alleges

---

[1] Section 501(g) of the Act, 29 U.S.C. § 791(g), provides, in relevant part, that "[t]he standards used to determine whether this section has been violated in a complaint alleging nonaffirmative action employment discrimination under this section shall be the standards applied under Title I of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12111 *et seq.*) . . . ."

that Plaintiff could not <u>safely</u> satisfy the 100% worldwide availability requirement because of his HIV infection.  <u>See</u> 42 U.S.C. § 12113(b).

Defendant also alleges that she had no obligation under the ADA to waive the 100% worldwide availability requirement as an "accommodation" to the Plaintiff.  According to Defendant, such a waiver was not required by either the ADA or the Act for three distinct and independent reasons: (1) because the requirement that Plaintiff be medically fit to serve at 100% of Foreign Service posts is job-related and consistent with business necessity, it is explicitly permissible under 42 U.S.C. § 12113(a) for the Foreign Service to enforce that requirement; (b) because the requirement is justified by business necessity and represents a central means by which the Foreign Service is able to maintain a worldwide available workforce, waiver of that requirement is not a "reasonable accommodation[]" within the meaning of 42 U.S.C. § 12112(b)(5)(A); (c) because waiver of the requirement would impose an undue hardship on the operation of the Foreign Service, the agency was not required to grant the accommodation even if it were otherwise reasonable.  <u>Id.</u>

Finally, Defendant contends that Plaintiff was not, in any event, a "qualified individual" within the meaning of applicable law because he could not safely perform an "essential function" of the job – specifically, the assignment flexibility necessary to allow the Foreign Service to provide staff and conduct its operations in an efficient and effective manner at foreign posts located throughout the world.

Respectfully submitted,

| ROPES & GRAY LLP | U.S. DEPARTMENT OF JUSTICE |
|---|---|
| By: /s/ *James E. Hopenfeld* | By: /s/ *Heather R. Phillips* |

<table>
<tr><td>

James E. Hopenfeld
(D.C. Bar No. 483985)
W. Rudolph A. Kleysteuber (*pro hac vice*)
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW
Washington, DC  20005
T:  (202) 508-4600
F:  (202) 508-4650
james.hopenfeld@ropesgray.com
rudy.kleysteuber@ropesgray.com

Stuart W. Yothers (*pro hac vice*)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036
T:  (212) 596-9000
F:  (212) 596-9090
stuart.yothers@ropesgray.com

Attorneys for Plaintiff,
STEVEN D. LUKENS

</td><td>

Heather R. Phillips
Trial Attorney
U.S. Department of Justice
Civil Division/Federal Programs
Mail:   P.O. Box 883
           Washington, D.C. 20044
Street: 20 Massachusetts Ave., N.W.
           Room 7222
           Washington, D.C. 20010
T:  (202) 616-0679
F:  (202) 616-8470
Email: heather.phillips@usdoj.gov

Attorney for Defendant,
CONDOLEEZZA RICE

</td></tr>
</table>